## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JEFF BAIRSTOW,

      Plaintiff,

v.                                    Case No:  5:16-cv-31-Oc-30PRL

CITY OF OCALA and OCALA
POLICE DEPARTMENT,

      Defendants.
_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant City of Ocala's Motion to Dismiss Ocala Police Department (Doc. 4) and Plaintiff's response in opposition (Doc. 7). Plaintiff, a law enforcement officer with the Ocala Police Department ("OPD"), initiated this action against the City of Ocala (the "City") and the OPD alleging a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. 1).  The City asserts that the OPD is not a proper party to this action and should be dismissed.  (Doc. 4).  The City argues that this principle is so well established that Plaintiff should be subject to sanctions for necessitating the filing of this motion.  (*Id.*).

The "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3); *see also Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992).  Under Florida law, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its

policing functions, it is not an entity subject to suit." *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989); *accord Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409 (Fla. 3d DCA 1995); *Post v. City of Ft. Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990).

In the City, the mayor has "charge and control of the police department of the city," is responsible for the enforcement of the city laws, and has the power to nominate and suspend the chief of police. Ocala, Fla., Charter art. III, § 3.03(b)-(c). The chief of police is elected by the City council upon recommendation by the mayor. Ocala, Fla., Code art. IV, div. 10, § 2-371. Although the chief of police is responsible for the supervision of police officers and support personnel employed at the police department, he or she remains subject to the authority of the mayor. *Id.*; *see also* Ocala, Fla., Code art. II, § 2.08.

The City council provides for police officers and support personnel, who are nominated by the chief of police and approved by the mayor. Ocala, Fla., Code art. II, § 2.08. The police officers and support personnel are responsible to the chief of police but the chief of police may only suspend or terminate the employment of a police officer or support personnel upon approval by the mayor. *Id.* The mayor gives all orders and instructions in regard to the enforcement of City ordinances to the chief of police, and all police officers and support personnel take their orders and instructions from the chief of police. *Id.* Considering the organization of the OPD and hierarchy of power, the OPD is an integral part of the City government through which the City fulfills its policing functions, and it is not a separate legal entity subject to suit. *Cf. Vaughn v. City of Orlando*, No. 6:07-cv-1695-Orl-19UAM, 2008 WL 151885, at *5 (M.D. Fla. Jan. 15, 2008)

(concluding that under similar ordinances, the Orlando Police Department was an integral part of the City of Orlando).

The Court recognizes that whether a police department is a legal entity subject to suit arises most often in the context of cases brought pursuant to 42 U.S.C. § 1983.  But that does not mean that the same basic principle would not apply in a suit under the FLSA. Under Florida law, a police department is not generally subject to suit in a § 1983 case because it is not a legal entity and does not have a legal existence separate and apart from the city it represents.  The analysis has nothing to do with particulars of § 1983.  The same concept is therefore applicable in the FLSA context.

Plaintiff asserts that the OPD could still be subject to suit regardless of its status (or lack thereof) as an entity subject to suit because the FLSA recognizes dual or joint employment.  While the FLSA does recognize a concept of dual or joint employment, Plaintiff's argument still fails because the OPD is not an entity separate from the City.  The OPD is a fiction created by the City for the purpose of structural organization.  As stated previously, where a police department is integral to the city government, like the OPD, the police department is not a separate entity—the two are one in the same.  To analogize to the corporate context: if Plaintiff worked in the financial department at Corporation X, his employer would be Corporation X, not the financial department at Corporation X.  The financial department at Corporation X is not a separate entity subject to suit; it is subsumed into Corporation X.

A party that is not its own entity subject to suit cannot be named as a party in an action whether that claim is brought under § 1983 or the FLSA.  Whether the OPD would

qualify as an "employer" as defined under the FLSA is irrelevant if Plaintiff cannot surpass this first hurdle.  Consequently, Plaintiff is entitled to bring his claim against the City who is his employer.  Plaintiff cannot assert his claim against the OPD because it is an integral part of the City and is not a distinct legal entity separate from the City.  As such, the City's motion should be granted.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant City of Ocala's Motion to Dismiss Ocala Police Department (Doc. 4) is GRANTED.

2.  The City's request for sanctions is DENIED.

3.  The Clerk is directed to terminate the Ocala Police Department as a defendant.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of April, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record